WILLIAM E. MELAHN vs. SECRETARY OF THE COMMONWEALTH.

Suffolk. January 5, 1984. — February 2, 1984.

Present: HALE, C.J., CUTTER, & GRANT, JJ.

*Elections,* Incumbent. *Political Committee. Words,* "Elected incumbent."

A member of the Republican State committee, who had been chosen to fill a vacancy in the membership of that committee pursuant to G. L. c. 52, § 1, and under procedures provided in the committee's by-laws, was not an "elected incumbent" entitled to be identified on the official primary ballot as a candidate for reelection. [478-479]

CIVIL ACTION commenced in the Superior Court Department on November 17, 1983.

A motion for summary judgment was heard by *Jeremiah J. Sullivan,* J., a judge of the Probate and Family Court Department sitting under statutory authority.

*William E. Melahn,* pro se.

*Alexander G. Gray, Jr.,* Assistant Attorney General (*David E. Sullivan* with him) for Secretary of the Commonwealth.

HALE, C.J. The plaintiff is a member of the Republican State committee from the First Essex and Middlesex Senatorial District, having been selected to fill a vacancy in the membership of that committee pursuant to G. L. c. 52, § 1, and under the procedures provided in art. II, § 4, of the committee's by-laws. These procedures provide that a vacancy be filled at a meeting of the district committee by secret ballot of the members present. The name of the successful candidate is then transmitted to the State committee for the formality of ratification.

The plaintiff appears to have qualified to have his name on the ballot for the 1984 presidential primaries for the

election of members of the State committee from the First Essex and Middlesex Senatorial District (G. L. c. 52, § 1, as amended by St. 1977, c. 546, § 1,) in the position provided by G. L. c. 53, § 34, third par. The plaintiff has requested the defendant to cause the words "Candidate for Re-election" to appear along with the plaintiff's name on the ballot, claiming that under G. L. c. 53, § 34, sixth par., as appearing in St. 1973, c. 429, § 3, he is entitled to such designation as he is an "elected incumbent" within the meaning of G. L. c. 53, § 70D, as amended by St. 1979, c. 336, § 2. The defendant refused the request, and the plaintiff seeks to compel him to print the desired designation on the ballot. Summary judgment entered in the Superior Court in favor of the defendant, and the plaintiff has appealed. We affirm.

The only issue before us is whether the plaintiff is an "elected incumbent" within the meaning of § 70D, as he claims to be.

At the outset we note that we are in agreement with the plaintiff that the definition of "Election" found in G. L. c. 50, § 1, is not applicable in this case as "[a] member of a political party is not a public officer." *Sears* v. *Secretary of the Commonwealth,* 369 Mass. 392, 399 (1975). *Attorney General* v. *Drohan,* 169 Mass. 534, 535-536 (1897). Lacking a specific definition, we use the principles of statutory construction set out in *Milton Commons Associates* v. *Board of Appeals of Milton,* 14 Mass. App. Ct. 111, 116-117 (1982), and cases there cited, and have no difficulty in identifying the kind of election the Legislature intended when it used the phrase "elected incumbent," in G. L. c. 53, § 70D, to describe a person entitled to have "Candidate for Re-election" appear after his name on a ballot.

General Laws c. 52, § 1, provides for only two types of elected members of a State committee of a political party: (1) those persons who are elected by the voters at a presidential primary who are members of the party in question (see G. L. c. 53, § 38, as amended through St. 1979, c. 745, § 3) and (2) such additional persons as may be elected by the

committee. The former are elected for four-year terms and the latter for two-year terms. There is no other statutory provision for the election of members to a State committee.

Section 1 also provides that "[a] vacancy . . . in the membership . . . of the state committee . . . shall be filled by said committee." Section 10 of c. 52, as appearing in St. 1938, c. 346, § 1, provides that a committee "may make rules and regulations consistent with law, for its proceedings." The method employed to fill a vacancy is thus left to the committee, and the Republican State committee has provided a method for filling vacancies in art. II, § 4,[1] of its by-laws. That the committee, in adopting that by-law, has chosen to employ an electoral process does not result in a person chosen under it becoming "elected" within the meaning of G. L. c. 52, § 1, or of c. 53, § 34 or § 70D. We note that G. L. c. 53, § 34, characterizes persons who are selected to fill vacancies in a State committee as "appointed" rather than "elected."

We are of opinion that the term "elected incumbent" as applied to a candidate for a State committee does not include a member of a State committee chosen to fill a vacancy under the rules, regulations, or by-laws of the committee.[2] Accordingly, we hold that the plaintiff is not an "elected incumbent" within the meaning of G. L. c. 53, § 70D.

*Judgment affirmed.*

---

[1] This section provided in pertinent part that all candidates to fill a vacancy "be given an opportunity to present their candidacy to [a meeting of] the assembled ward and town committee members" and that "[a]t the conclusion of the meeting, a poll by secret written ballot shall be taken." "The results of this poll shall be announced and forwarded to the Secretary of the State Committee." We note that the procedure appears to be a caucus rather than an election.

[2] As the question is not before us, we do not decide whether a member elected by a State committee under G. L. c. 52, § 1, would be an "elected incumbent" within the meaning of G. L. c. 53, § 70D.